**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
━━━━━━━━━━━━━━━━━━━━━━━━━━━━

**UNITED STATES OF AMERICA,**

$\qquad$ **Plaintiff,**

$\qquad$ **v.** $\qquad\qquad\qquad\qquad\qquad$ **11-CR-151A**

**JUAN TORRES,**

$\qquad$ **Defendant.**
━━━━━━━━━━━━━━━━━━━━━━━━━━━━

## <u>DECISION AND ORDER</u>

$\qquad$ This case was referred to the undersigned by the Hon. Richard J. Arcara,

in accordance with 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report

upon dispositive motions.


## <u>PRELIMINARY STATEMENT</u>

$\qquad$ The defendant, Juan Torres ("the defendant"), is charged in a

Superseding Indictment, along with a number of co-defendants, with having violated

Title 18 U.S.C. § 1962(d) (Count 1) (RICO conspiracy); Title 18, U.S.C. §

924(a)(1)(A)(iii) (Count 5) (possession and discharge of a firearm in furtherance of a

crime of violence); Title 18, U.S.C. § 1959(a)(1) (Count 4) (murder in aid of

racketeering); Title 21, U.S.C. § 846 (Count 24) (narcotics conspiracy); and Title 18,

U.S.C. § 924(c)(1) (Count 25) (possession of firearms in furtherance of a drug trafficking

crime). Dkt. #87. Presently pending is the defendant's omnibus discovery motion. Dkt.

#212. The government filed opposition to the instant motion. Dkt. #249.

This Court previously issued its Report, Recommendation and Order with respect to the defendant's motions to suppress identification and statements.  Dkt. #413.

## DISCUSSION AND ANALYSIS

**Disclosure of Informant Information**

The defendant requests the disclosure of the names, addresses and criminal records of all informants utilized by the government in its investigation of this case.  Dkt. #212, pp.4-6.  In its response, the government states that such disclosure is unwarranted.  Dkt. #249, p.2.  Relying principally on *Roviaro v. United States*, 353 U.S. 53 (1957), the government states in its response that the disclosure of the names, addresses and other information pertaining to government informants is unwarranted. In order for disclosure to be warranted, the informant's testimony must be material to the defense presented and the defendant must make some evidentiary showing demonstrating why the informant's testimony is significant to determining the defendant's guilt or innocence.  *Id.* at pp.2-8.

In order to be entitled to the requested information, the defendant must sufficiently state a basis for requiring the disclosure of this information or that the testimony of the informant would be of even marginal value to the defendant's case. Moreover, the Court notes that the holding of the Court of Appeals for the Second Circuit in *United States v. Saa*, 859 F.2d 1067 (2d Cir. 1988), *cert. denied*, 489 U.S. 1089 (1989), is instructive:

The leading Supreme Court case on this question, *Roviaro v. United States*, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957), holds that

> [w]here the disclosure of an informant's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to the fair determination of a cause, the [informant's] privilege must give way.

353 U.S. at 60-61, 77 S.Ct. at 628.  The Court explained that "no fixed rule with respect to disclosure is justifiable."  *Id.* at 62, 77 S.Ct. at 628.  What is required is "balancing the public interest in protecting the flow of information against the individual's right to prepare his defense."  *Id.*  Whether non-disclosure is erroneous "must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors."  *Id.  See Rugendorf v. United States*, 376 U.S. 528, 534-35, 84 S.Ct. 825, 829, 11 L.Ed.2d 887 (1964); *United States v. Lilla*, 699 F.2d 99, 105 (2d Cir. 1983); *United States v. Ortega*, 471 F.2d 1350, 1359 (2d Cir. 1972), *cert. denied*, 411 U.S. 948, 93 S.Ct. 1924, 36 L.Ed.2d 409 (1973).

The defendant is generally able to establish a right to disclosure "where the informant is a key witness or participant in the crime charged, someone whose testimony would be significant in determining guilt or innocence."  *United States v. Russotti*, 746 F.2d 945, 950 (2d Cir. 1984); *United States v. Roberts*, 388 F.2d 646, 648-49 (2d Cir. 1968); *see United States v. Price*, 783 F.2d 1132 (4th Cir. 1986); *United States v. Barnes*, 486 F.2d 776 (8th Cir. 1973). In *Roberts*, the informant introduced an

undercover agent to the defendant and was present when the defendant and the agent negotiated and transacted two sales of heroin. The Court, noting that the informant was "present during all the significant events," 388 F.2d at 649, found that he was "obviously a crucial witness to the alleged narcotics transactions," *id.*, and therefore, his whereabouts should have been revealed to the defense if properly requested.  But disclosure of the identity or address of a confidential informant is not required unless the informant's testimony is shown to be material to the defense.  *See United States v. Valenzuela-Bernal*, 458 U.S. 858, 870-81, 102 S.Ct. 3440, 3448, 73 L.Ed.2d 1193 (1982) (dictum); *United States v. Lilla*, 699 F.2d at 105.  As this Court's recent opinion in *United States v. Jiminez*, 789 F.2d 167 (2d Cir. 1986) makes clear, it is not sufficient to show that the informant was a participant in and witness to the crime charged. In *Jiminez*, the informant was both participant and witness, but the district court's refusal to order disclosure of his identity was upheld on the ground that the defendant had failed to showthat the testimony of the informant "would have been of even marginal value to the defendant's case.  789 F.2d at 170."

*Id.* at 1073; *see also United States v. Fields*, 113 F.3d 313, 324 (2d Cir.), *cert. denied*, 522 U.S. 976 (1997).  Absent the defendant stating a basis for requiring the disclosure of this information or that the testimony of the informant would be of even marginal value to the defendant's case, the defendant's request is denied without prejudice.

Without more, the Court finds that the defendant has failed to sufficiently state a basis for requiring the disclosure of this information or that the testimony of the informant

would be of even marginal value to the defendant's case.  Accordingly, defendant's request is denied without prejudice.

**Discovery**

As a threshold matter, the defendant acknowledges that the government has provided some voluntary discovery.  Dkt. #212, pp.6-13.  By this request, however, the defendant "moves to compel discovery of all items or information to which the Defendant is entitled."  *Id.*  Moreover, the defendant specifies the following ten separately lettered requests: (a) records, including reports and/or logs relating to the alleged conspiracy and the arrest of all co-conspirators; (b) reports relating to radio transmissions from the officers at any search warrant or arrest scene regarding the investigation (c) all reports relating to the booking process; (d) reports and/or test results relating to determination of drug quantity or type of drug; (e) photographs taken relating to investigation; (f) documents and photographs seized on the day of any searches; (g) inspection of all items seized from the defendant on the day of his arrest; (h) names and identities of expert witnesses, their qualifications, subject of testimony, reports, results of tests, examinations or experiments; (i) any search warrant, arrest warrant, wiretap order and/or surveillance order applied for and/or issued or denied during investigation; and (j) written notification pursuant to Rule 12(d) of the Federal Rules of Criminal Procedure of any evidence on which the government intends to rely that may be the subject of a motion to suppress and to which the defendant is entitled to discovery pursuant to Rule 16.  *Id.*

In its response, the government states

> Since the date of the predecessor indictment, the United States has complied, and intends to continue to comply, with the requirements of Rule 16. To that end, the United States has provided comprehensive voluntary discovery, including surveillance reports, search warrant photos, search warrants, laboratory reports, FBI 302s relating to surveillance and arrest of the defendant and his co-defendants, redacted statements of some government witnesses, redacted photo array identifications, numerous crime scene photos, crime scene reports, firearm reports, and other documents. Additionally, all physical evidence recovered in connection with this investigation is, and has been, available for inspection by the defendant's attorney.

Dkt. #246, pp.2-3.  The government has already provided voluminous (10,383 pages) discovery in this case and indicates in its response that it will continue to comply with its continuing duties to disclose as set forth in Rule 16(c).  Based on the representations made by counsel for the government, the defendant's request is denied as moot.

**Brady Material**

The government has stated that it believes it is complying with its obligations to provide potentially exculpatory information under *Brady v. Maryland*, 373 U.S. 83 (1963) and *Giglio v. United States*, 405 U.S. 150 (1972) and subsequent cases. The government has further stated that it is unaware of any *Brady* material related to this defendant.  The government has also represented that it will comply with the requirements of 18 U.S.C. § 3500 with respect to production of statements of witnesses

called to testify at trial.  As a result of these representations, the defendant's request for

such materials, *i.e., Brady, Giglio* and *Jencks* is denied, but the government is hereby

directed to comply with the Second Circuit Court of Appeals' holding in *United States v.*

*Coppa*, 267 F.3d 132 (2d Cir. 2001) and *United States v. Rodriguez*, 496 F.3d 221 (2d

Cir. 2007) by making timely disclosure of those materials to the defendant.

"[A]s a general rule, *Brady* and its progeny do not require immediate

disclosure of all exculpatory and impeachment material upon request by a defendant."

*Coppa,* at 146.  The prosecution is obligated to disclose and turn over *Brady* material to

the defense "in time for its effective use."  *Coppa,* at 144.  With respect to impeachment

material that does not rise to the level of being *Brady* material, such as *Jencks*

statements, the prosecution is not required to disclose and turn over such statements

until after the witness has completed his direct testimony.  *See* 18 U.S.C. § 3500; Rule

26.2 Fed.R.Crim.P.; *In Re United States*, 834 F.2d 283 (2d Cir. 1987).  However, if the

government has adopted a policy of turning such materials over to the defendant prior

to trial, the government shall comply with that policy; or in the alternative, produce such

materials in accordance with the scheduling order issued by the trial judge.

**Bill of Particulars**

In response to the defendant's request for a detailed bill of particulars, the

government states that defendant's request for particularization should be denied

because it is nothing more than an attempt by the defendant to preview the

government's evidence.  Indeed, the government further states,

> [w]hen the discovery in this case is viewed in
> combination with the indictment, it provides the
> defendants with a plethora of evidence and a
> virtual roadmap through the evidence.  In fact,
> the only significant items which have not been
> provided voluntarily consist of grand jury
> transcripts of witnesses who testified before
> the grand jury and unredacted witness
> statements.  Thus, any order by the Court
> requiring the government to particularize in the
> fashion the defendants seek would be
> tantamount to ordering the government to
> provide the defendants with a recap of the
> testimony of a number of witness' anticipated
> testimony.  The indictment is lengthy and
> pleaded in sufficient detail to render a bill of
> particulars wholly unnecessary.

Dkt. #249, p.19.


The defendant's request is denied. It has become axiomatic that the

function of a bill of particulars is to apprise a defendant of the essential facts of the

crime for which he has been charged.  *United States v. Salazar,* 485 F.2d 1272, 1277-

78 (2d Cir. 1973); *cert. denied*, 415 U.S. 985 (1974); *Wong Tai v. United States*, 273

U.S. 77 (1927).  The charges in Counts 1, 4, 5, 24 and 25 of the Superseding

Indictment, along with the discovery materials provided or to be provided by the

government as aforesaid, clearly inform the defendant of the essential facts of the crime

charged.  As a result, the defendant is not entitled to, nor is he in need of, the

"particulars" being sought for that purpose.

> "A bill of particulars should be required only
> where the charges of the indictment are so
> general that they do not advise the defendant
> of the specific acts of which he is accused."
> *United States v. Feola*, 651 F. Supp. 1068,
> 1132 (S.D.N.Y. 1987), *aff'd*, 875 F.2d 857 (2d
> Cir.) (mem.), *cert. denied*, ____ U.S. ____, 110
> S.Ct. 110, 107 L.Ed.2d 72 (1989); *see also*
> *United States v. Leonelli*, 428 F. Supp. 880,
> 882 (S.D.N.Y. 1977).  "Whether to grant a bill
> of particulars rests within the sound discretion
> of the district court."  *United States v. Panza*,
> 750 F.2d 1141, 1148 (2d Cir. 1984) (citing
> *United States v. Burgin*, 621 F.2d 1352, 1358-
> 59 (5th Cir.), *cert. denied*, 449 U.S. 1015, 101
> S.Ct. 574, 66 L.Ed.2d 474 (1980)); *see also*
> *Bortnovsky*, 820 F.2d at 574.  "Acquisition of
> evidentiary detail is not the function of the bill
> of particulars."  *Hemphill v. United States*, 392
> F.2d 45, 49 (8th Cir.), *cert. denied*, 393 U.S.
> 877, 89 S.Ct. 176, 21 L.Ed.2d 149 (1968).

*United States v. Torres*, 901 F.2d 205, 234 (2d Cir. 1990); *see also United States v.*

*Chen*, 378 F.3d 151, 163 (2d Cir. 2004); *United States v. Porter*, 2007 WL 4103679 (2d

Cir. 2007).


**Rule 404(b), 608 and 609 Material**

In response to the defendant's request for the disclosure of 404(b)

evidence, the government states that it "preliminarily notifies the defendant that it

intends to introduce at trial, pursuant to Rule 404(b), all prior criminal conduct acts or

wrongs for the purpose of showing proof of a defendant's motive, opportunity, intent,

preparation, plan, knowledge, identity, and the absence of mistake or accident."  Dkt.

#249, p.28.  In addition, the government noted that it "will provide the defendants with

more definitive notice of its intent to rely on 404(b) evidence when directed by the trial

judge, or during trial if the trial judge excuses pretrial notice on good cause shown."  *Id.*

In addition, the government states, "the defendant is in possession of his criminal

history, and is fully aware of his past criminal conduct.  As a result, the defendant is

aware of that which may fall within the ambit of Fed. R. Evid. 608(d) and 609."  *Id.*

Rule 404(b) of the Federal Rules of Evidence only requires that "the

prosecution . . . provide reasonable notice in advance of trial . . . of the *general* nature of

any such evidence it intends to introduce at trial" (emphasis added).  This has been

done, and as a result, defendant's request on this issue is denied as being moot.

The issue of admissibility of such evidence, as raised in the defendant's

request, pursuant to Rules 404(b), 608 and 609 of the Federal Rules of Evidence is best

left to the determination of the trial judge at the time of trial.

Rule 608 of the Federal Rules of Evidence does not contain a required

pretrial notice as set forth in Rule 404(b).  Therefore, there is no requirement on the part

of the government to make any disclosure of evidence, or its intent to use evidence at

the trial pursuant to Rule 608 at this time.  Therefore, defendant's request in this regard

is denied.

**Witness Statements**

By this request, the defendant seeks the early disclosure of witness statements pursuant to Title 18, United States Code, Section 3500.  Dkt. #212, pp.18-19.   As noted above, with respect to impeachment material that does not rise to the level of being *Brady* material, such as *Jencks* statements, the prosecution is not required to disclose and turn over such statements until after the witness has completed his direct testimony.  *See* 18 U.S.C. § 3500; Fed. R. Crim. P. 26.2; *In re United States*, 834 F.2d 283 (2d Cir. 1987).  However, if the government has adopted a policy of turning such materials over to the defendant prior to trial, the government shall comply with that policy; or in the alternative, produce such materials in accordance with the scheduling order to be issued by the trial judge.

Based on the representations made by counsel for the government, that it will comply with the trial judge's pretrial order concerning the disclosure of witnesses' statements, the defendant's request is denied.  Notwithstanding the foregoing, the government is hereby directed to comply with the Second Circuit Court of Appeals' holding in *United States v. Coppa*, 267 F.3d 132 (2d Cir. 2001) and *United States v. Rodriguez*, 496 F.3d 221 (2d Cir. 2007) by making timely disclosure of those materials to the defendant.

**Preservation of Rough Notes**

By this request, the defendant seeks an Order from this Court requiring

all government agents and officers who participated in this investigation to retain and

preserve all rough or handwritten notes taken as part of their investigation, regardless of

whether or not the contents of the notes are incorporated in official records.  Dkt. #212,

p.19.  In addition, the defendant also requests an Order from this Court directing the

government to preserve and protect from destruction, alteration, mutilation or dilution

any and all evidence acquired in their investigation of defendant.  *Id.*  In its response,

the government states,

> [t]he United States has no objection to the
> request that the government agents retain
> notes taken during the investigation of this
> case.  As a matter of routine practice, all
> federal law enforcement agencies already do
> so, and the prosecutor will request the agents
> to retain their notes relevant to this
> investigation, which notes have not resulted in
> the preparation of a final report.

Dkt. #249, p.29.


Although perhaps unnecessary, based on the representations made by

counsel for the government concerning its acknowledgment of its obligation and its

agreement to instruct the agents to retain and preserve rough notes, the express

admonition of the Court of Appeals for the Second Circuit bears repeating in addressing

this particular request of the defendant wherein the Court stated:

> [W]e will look with an exceedingly jaundiced
> eye upon future efforts to justify non-production
> of a Rule 16 or Jencks Act "statement" by

> reference to "departmental policy" or
> "established practice" or anything of the like.
> There simply is no longer any excuse for
> official ignorance regarding the mandate of the
> law. Where, as here, destruction is deliberate,
> sanctions will normally follow, irrespective of
> the perpetrator's motivation, unless the
> government can bear the heavy burden of
> demonstrating that no prejudice resulted to the
> defendant. . . . We emphatically second the
> district court's observation that any resulting
> costs in the form of added shelf space will be
> more than counterbalanced both by gains in
> the fairness of trials and also by the shielding
> of sound prosecutions from unnecessary
> obstacles to a conviction.

*United States v. Buffalino*, 576 F.2d 446, 449-50, (2d Cir.), *cert. denied*, 439 U.S. 928

(1978); *see also United States v. Grammatikos*, 633 F.2d 1013, 1019-20 (2d Cir. 1980);

*United States v. Miranda*, 526 F.2d 1319 (2d Cir. 1975), *cert. denied*, 429 U.S. 821

(1976). Accordingly, the government is hereby directed to maintain and preserve all

materials that are known by the government to exist, that constitute potential *Jencks*

material in this case.


**Participation in Voir Dire**

        The defendant requests this Court to issue an Order allowing

"active counsel participation in *voir dire.*" Dkt. #212, p.20. The defendant does,

however, acknowledge that "the Court conducts *voir dire* without attorney participation

or with little attorney participation in the usual case, the Defendant requests some

chance, however modest, to participate in jury selection." *Id.* at p.20. More specifically,

the defendant maintains that *voir dire* is a critical stage of the criminal proceeding and in

order for it to be meaningful and to ensure a fair and impartial jury, active counsel participation, "through at least a thirty minute opportunity for defense counsel to question jurors, should be granted." *Id.*

Conducting *voir dire* of prospective jurors is a matter normally performed by the trial judge to whom the case has been assigned. However, the trial judge has discretion to allow participation in the *voir dire* process by counsel for the parties in a manner designated by said trial judge. Therefore, defendant's request is denied by this Court without prejudice, and it may be renewed by counsel before the trial judge.

**Production of Government Summaries**

By this request, the defendant seeks an Order permitting him to inspect the summaries the government intends to use at trial pursuant to Rule 1006 of the Federal Rules of Evidence, and original books, records, or documents that serve as the basis for any such summaries. Dkt. #212, pp.20-22. In its response, the government states, "[t]he government will produce any summaries or demonstrative aids it intends to use at trial, but notes that the production of pretrial summaries and charts 'is more appropriately resolved by the District Court Judge presiding over the trial in this case.' United States v. Barnett, 2009 WL 1044559, at *2 (W.D.N.Y. 2009)." Dkt. #249, p.30. Rule 1006 of the Federal Rules of Evidence does not provide for production of such "summaries" within an express time period; nor do any of the Rules of Criminal Procedure create such a requirement. Ordinarily, this Court would find that this is an

issue that is best left for resolution by the trial judge to whom this case has been assigned, and it can be discussed at the appropriate pre-trial scheduling conference with said trial judge.  However, because the government has not objected to this request and has agreed to disclose the summaries and reports, defendant's request is granted.

**Voir Dire of Expert Witnesses**

By this request, the defendant seeks an Order permitting his counsel to conduct *voir dire* of any proposed government expert witness at trial outside the presence of the jury.  Dkt. #212, pp.22-23.  In support of his request, the defendant asserts that "[t]his appears to be a case where expert testimony is neither needed nor appropriate, except possibly as to the chemical makeup of the alleged controlled substances.  However, Defendant makes this motion so that if the Government subsequently identifies any experts (such as to identify questioned substances), Defendant may *voir dire* the expert outside the presence of the jury.  Defendant is entitled to challenge the competence of the Government's proposed experts and the admissibility of his/her testimony."  *Id.* at p.23.

In its response, the government states, "the government will provide expert disclosures and expert summaries as the government identifies expert witnesses who will testify at trial consistent with the District Court's standard pre-trial order and the timing of expert summaries."  Dkt. #249, pp.33-34.  Insofar as the government appears

to concede that it intends to rely on expert testimony and will comply with the Federal

Rules of Criminal Procedure and the Federal Rules of Evidence concerning pretrial

disclosure of documents and information relating to those experts, any motion *in limine*

concerning the credibility of the proposed government expert witness and the

admissibility of any expert's testimony should be left to the discretion of the trial judge.

Accordingly, defendant's motion concerning *voir dire* of an expert witness outside the

presence of the jury is premature and is denied as moot.


**Audibility Hearing**

By this request, the defendant requests that the Court hold an audibility

hearing to determine whether any tapes that the government seeks to introduce at trial

are audible.  Dkt. #212, pp.23-24.  In its response, the government states that it has

produced and made available all consensual recordings.  Dkt. #249, p.35.   Moreover,

the government states that the defendant does not allege that any of the specific

recordings are inaudible.  *Id.*


It would appear that neither counsel for the defendant nor counsel for the

government have advised the Court that after a review of the audiotapes or CDs that

may be used at trial by the government, there are any actual audibility problems or

issues with respect to such tapes or CDs.  Therefore, the defendant's motion in this

regard is denied without prejudice to the right to reapply for such relief after the tapes or

CDs in question have been reviewed and it is determined that there is an audibility issue

that needs to be resolved by this Court. As part of this process, counsel for the government is hereby directed to identify those tapes or CDs that the government plans on using at the trial of the defendant and to have transcripts of those tape or CD recordings prepared. Once such transcripts have been prepared, counsel for the government shall supply copies of the designated tapes or CDs and respective transcripts to counsel for the defendant. Counsel for the defendant is hereby directed to review the aforesaid tapes or CDs and transcripts after receipt of same, and upon completion of such review, make known to counsel for the government those portions of the aforesaid tapes or CDs and transcripts that counsel for the defendant claims are inaudible or, in the alternative, inaccurately transcribed. Thereafter, counsel for the government and the defendant are directed to confer for the purpose of resolving any disputes that may exist as to audibility of the tapes or CDs in question and the correctness of the transcripts of such tapes or CDs. Should the attorneys be unable to resolve any such disputes that may exist, counsel for the defendant may file a motion for an audibility hearing, which motion must be filed and served within ten days after the last conference between the attorneys seeking to resolve such issues.


**Production of Grand Jury Transcripts**

By this request, the defendant seeks an Order pursuant to Rule 6(e)(3)(C)(I) of the Federal Rules of Criminal Procedure for the disclosure of the transcripts of the testimony and all exhibits presented to the Grand Jury that indicted the defendant. Dkt. #212, p.24. In support of his request, the defendant argues that he,

> is the subject of a bare bones Indictment that
> does not state any particular act or overt acts
> that he allegedly committed in the course of the
> conspiracy, and does not name all the actual
> co-conspirators.  The Defendant has no notice
> of who the witnesses against him will be.  The
> particularized need justifying disclosure is so
> that the Defendant is informed of what
> evidence actually exists against him, and so he
> can intelligently make a decision as to his
> course of action.

Dkt. #357, p.24.  The government opposes this request claiming that defendant Torres'

articulated need, *to wit*: preparation of his defense, lacks merit.  Dkt. #249, pp.31-32.  In

its response, the government relies on the well-settled case law that requires a showing

of particularized need sufficient to outweigh the general policy of grand jury secrecy.

More specifically, the government argues,

> [i]n the instant case, the defendant has
> provided no basis for disclosure of Grand Jury
> transcripts beyond conclusory claims that
> Grand Jury transcripts are necessary in order
> to prepare a defense. … The defendant has
> not made any showing of governmental
> misconduct, and the defendant's motion is void
> of any specific allegations of governmental
> misconduct which would justify disclosure of
> Grand Jury transcripts.

Dkt. #249, p.32.

It is a long-established rule that "[t]he burden. . . is on the defense to show

that 'a particularized need' exists for the minutes [of the grand jury] which outweighs the

policy of secrecy."  *Pittsburgh Plate Glass Co v. United States*, 360 U.S. 395, 400

(1959).  Here, the assertion of the defendant as to his "particularized need" is legally

insufficient to require disclosure of the grand jury proceedings as requested by him.  It is

pointed out that transcripts of grand jury testimony of witnesses called by the

government to testify at trial must be made available to the defendant pursuant to and in

accordance with the provision of 18 U.S.C. § 3500.  It is also pointed out that:

> [A]n indictment valid on its face is not subject
> to challenge on the ground that the grand jury
> acted on the basis of inadequate or
> incompetent evidence.

*United States v. Calandra*, 414 U.S. 338, 345 (1978).  Furthermore,

> An indictment returned by a legally constituted
> and unbiased grand jury, like an information
> drawn by the prosecutor, if valid on its face, is
> enough to call for trial of the charge on the
> merits.  The Fifth Amendment requires nothing
> more.

*Costello v. United States*, 350 U.S. 359, 363 (1956).  Therefore, defendant's request for

disclosure of the grand jury proceedings is denied.


**Motion to Exclude Testimony of Non-Testifying Co-Conspirators**

Relying on *Bruton v. United States*, 391 U.S. 123 (1968) and the Sixth

Amendment to the United States Constitution, defendant Torres' requests that this

Court preclude the admission into evidence of all post-arrest statements by non-

testifying co-conspirators/co-defendants which may implicate the defendant in any way.

Dkt. #212, pp.25-26.  In its response, the government states,

> [t]he government does not believe that
> admission of any co-defendant statements will
> implicate the Bruton rule as to this defendant,
> but if any do, the statements can be
> appropriately redacted.  There is no violation of

-19-

> a defendant's confrontation rights if the co-
> defendant's statement is redacted to omit all
> references to the defendant's existence.

Dkt. #249, p.35 (internal citations omitted).  Based on the representations made by

counsel for the government, the defendant's request is denied as moot.


## Exclusion of Hearsay Evidence

By this request, the defendant seeks an Order precluding any evidence

that is barred by the United States Supreme Court's decision in *Crawford v.*

*Washington*, 541 U.S. 36 (2004).  Dkt. #212, p.26.  In its response, the government

states that it does "not intend to offer inadmissible testimonial evidence at trial.  In any

event, the defendants' conclusory motions should be denied as premature without

prejudice to renewal as a motion in limine."  Dkt. #249, p.36. Any decisions concerning

the admissibility of evidence and issues falling within the ambit of *Crawford,* should be

left to the trial judge.  Accordingly, defendant's motion is denied without prejudice.


## Motion to Join in Motions for by Co-defendants

The defendant seeks to join in any motion filed by any of his co-

defendants. Dkt. #212, p.29.  This request is granted with the further directive and

finding that the decision made by this Court as to each of the co-defendant's requests

contained in the motion in which this defendant joins shall also be deemed to be the

finding and Order of this Court as to the defendant herein.

**Leave to Make Other Motions**

By this request, the defendant, "respectfully moves the Court for an order allowing him to make further and additional motions, which may be necessitated by due process of law, by the Court's ruling on the relief sought herein, by additional discovery provided by the government or investigation made by the defense, and/or by any information provided by the government in response to the defendant's demands." Dkt. #212, p.30. Subject to the limitations contained in the aforesaid quotation, the defendant's request to make further and additional motions that may be necessary is granted.

It is hereby **ORDERED** pursuant to 28 U.S.C § 636(b)(1) that:

This Decision and Order be filed with the Clerk of Court.

**ANY OBJECTIONS** to this Decision and Order must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Decision and Order in accordance with the above statue, Fed.R.Crim.P. 58(g)(s) and Local Rule 58.2.

The district judge will ordinarily refuse to consider *de novo*, arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance. *See, e.g., Patterson-Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988). **<u>Failure</u>**

**to file objections within the specified time or to request an extension of such time waives the right to appeal the District Judge's Order.**  *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek, et al. v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 58.2 of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 58.2, or with the similar provisions of Rule 58.2 (concerning objections to a Magistrate Judge's Report, Recommendation and Order), may result in the District Judge's refusal to consider the objection.**

DATED:      July 17, 2014
            Buffalo, New York


                              *s/ H. Kenneth Schroeder, Jr.*
                              **H. KENNETH SCHROEDER, JR.**
                              **United States Magistrate Judge**

-22-