UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

|  |  |
|---|---|
| v. | DECISION AND ORDER |
|  | 11-CR–151 |

JUAN TORRES, et al.

Defendants.

## INTRODUCTION

Before the Court is the Government's appeal of Magistrate Judge H. Kenneth Schroeder, Jr.'s August 6, 2014 Release Order as to defendant Juan Torres.  For the reasons explained below, the Government's motion is granted and the Release Order is revoked.

## RELEVANT FACTS AND PRIOR PROCEEDINGS

On April 28, 2011, defendant Torres, along with 18 others, was named in a 36-count Indictment.  Therein, defendant Torres was charged specifically with: (1) the murder of Eric Morrow in aid of racketeering (18 U.S.C. §1959(a)(1) and (2)); (2) discharging a firearm in furtherance of a crime of violence (18 U.S.C. §924(c)(1)(A)(iii), 924(j) and (2)); (3) conspiracy to distribute heroin and marijuana (21 U.S.C. §846); and (4) possessing firearms in furtherance of a drug trafficking

crime (18 U.S.C. §846).  The Indictment was later superseded to include

allegations of RICO conspiracy (18 U.S.C. 1962(d)) against defendant Torres and

others.  In sum, the Superseding Indictment alleges that defendant was part of

the 7th Street Gang, which, along with rival the 10th Street Gang, engaged in

murders, shootings, assaults, robberies and narcotics trafficking on the West

Side of Buffalo for nearly a decade.

Following a hearing on May 19, 2011, Magistrate Judge Schroeder ordered

defendant Torres detained pending trial.  On August 23, 2011, the Government

disclosed that it would not seek the death penalty against any defendants in the

case, including defendant Torres.  Following arraignment on the Superseding

Indictment, Magistrate Judge Schroeder ordered that all pretrial motions were to

be filed by December 7, 2012.  After at least three extensions of time were

requested by co-defendants and granted by the Magistrate Judge, the deadline

for filing pretrial motions was ultimately extended until May 31, 2013.  On that

date, defendant Torres filed a motion seeking suppression of statements and

evidence as well as discovery and a bill of particulars.  In July 2014, Magistrate

Judge Schroeder issued a Report and Recommendation and a Decision and

Order as to defendant Torres' motions, along with various other Reports,

Recommendations and Orders as to motions by co-defendants.

Defendant Torres has not filed any objections or an appeal of the

Magistrate Judge's rulings.  However, co-defendants' objections to various rulings

and recommendations made by Magistrate Judge Schroeder are currently pending before this Court.[1]

On July 14, 2014, defendant Torres filed a motion seeking reconsideration of his detention status.  Magistrate Judge Schroeder heard argument from the parties on August 16, 2014, after which he rendered an oral decision granting defendant's release.[2]  In support of his determination, the Magistrate Judge found that the length of defendant's pretrial detention violated due process.  He also recognized defendant's lack of criminal history.  The Magistrate Judge stayed defendant's release order to allow the Government to appeal, and the instant motion followed.  Oral argument was heard before this Court on October 24, 2014.

## **DISCUSSION**

Section 3142(e) of Title 18 of the United States Code allows an individual to be detained prior to trial if it is found that no condition or combination of conditions "will reasonably assure the appearance of the [defendant]..and the

---

[1]  Oral argument as to co-defendants' objections and appeals was initially scheduled for November 24, 2014.  Following a request for an adjournment by a co-defendant, the argument is now scheduled for December 16, 2014.

[2]  Magistrate Judge Schroeder imposed the following conditions of release: (1) home incarceration with electronic monitoring at defendant's mother's residence; and (2) no contact whatsoever between defendant and co-defendants, alleged co-conspirators, alleged victims, or any of their family or friends.

safety of any other person and the community."  *See* 18 U.S.C. §3142(e); *United States v. El-Hage*, 213 F.3d 74 (2d. Cir. 2000).  In addition, the Second Circuit has held that "the government may detain a defendant prior to trial consistent with the Due Process Clause of the Fifth Amendment so long as confinement does not amount to punishment of the detainee."  *United States v. Millan*, 4 F.3d 1038, 1043 (2d. Cir. 1993).  However, due process places limits on how long an accused may be detained in prison without a trial.  *El-Hage*, 213 F.3d at 76 ("[E]xactly how long such detention may extend before violating due process limits...has not been fixed in the law.")

In order to determine whether the length of pretrial detention has become constitutionally excessive, the Court is to consider the following: "(1) the length of detention; (2) the extent of the prosecution's responsibility for the delay of the trial; and (3) the gravity of the charges and the strength of the evidence upon which the detention was based."  *Millan,* 4 F.3d at 1043*; United States v. El-Gabrowny,* 35 F.3d 63, 65 (2d. Cir. 1994).  In addition, if a defendant is ordered released on bail, the Government may file, with the district court, "a motion for revocation or amendment of the order."  *See* 18 U.S.C. §3145(a).  An appeal of a detention order is to be reviewed using a *de novo* standard.  *United States v. Leon*, 766 F.2d 77, 80 (2d. Cir. 1985).  The Court has conducted a *de novo* review of the factors set forth in *Millan* as they apply to this case, and finds that defendant's continued detention does not violate his due process rights at this

4

time.

   *Length of Detention*

   Defendant Torres has been detained for approximately 42 months awaiting trial.  The Government concedes that it could be an additional 9 months before the case is tried and a verdict is reached.  Indeed, the Second Circuit has held, in certain circumstances, that periods of pretrial detention up to and including 40 months do not violate a defendant's due process rights.  *See United States v. Vondette*, 5 Fed. Appx. 73, 75-76 (2d. Cir. 2001) (holding that a 40 month period of pretrial detention did not violate due process where defendant was leader of a drug enterprise and faced life imprisonment); *United States v. El-Hage*, 213 F.3d 74, 78-81 (holding that a 30 to 33 month pretrial detention did not violate defendant's due process rights); *United States v. Millan*, 4 F.3d 1038 (2d. Cir. 1993) (30 month detention did not violate due process).  Here, defendant Torres has been detained for over 40 months, and his total detention time may reach or exceed 50 months, depending upon when the case is tried or otherwise reaches resolution.  The Court recognizes that this is an extraordinarily long amount of time to remain in pretrial detention.  Further, it is beyond prolonged periods of incarceration upheld by the Second Circuit.  Therefore, the length of defendant Torres' pretrial detention weighs strongly in favor of his motion for release.

   Defendant argues that the length of his incarceration alone violates his due process rights, and therefore is sufficient to require his release.  The Court

disagrees. The Second Circuit has held that "given the multi-factor test...the length of a detention period will rarely by itself offend due process." *United States v. Orena*, 986 F.2d 628, 631 (2d. Cir. 1993) ("no particular time period marks the constitutional limit of pretrial detention; each case must be examined on its own facts"). The Second Circuit has not identified any particular time period of pretrial detention as, on its own, a violation of defendant's due process rights. While defendant has reached the limits of what the Second Circuit has previously considered, and affirmed, as acceptable periods of pretrial detention, the Court finds that this alone does not negate consideration of the additional factors set forth in *Millan*. The Court is mindful of the extensive period of detention involved here. However, the case is quickly approaching trial and defendant has been incarcerated for approximately 42 months, which is only slightly longer than the 40 month period of detention previously upheld by the Second Circuit. In light of these facts, and because the Second Circuit has repeatedly refrained from naming a specific period of incarceration as alone violating due process, the Court will consider the length of incarceration in conjunction with the other factors set forth above.

## <u>Length of Time Attributable to Government</u>

The second factor which the Court must consider is the extent to which the Government is responsible for the delay. Defendant argues that the delay here is mostly attributable to the Government. Defendant points to the period of time

6

during which the Government was deciding whether to pursue the death penalty, the 24 months related to the process of extraditing defendant Hidalgo from Canada, and the handling of various motions by co-defendants, which defendant Torres did not join.  The Court has considered these arguments and finds that the majority of the delays associated with the these events are not the fault of the Government.  The Court further finds that there is no significant or unreasonable period of delay here which may be attributable to the Government.

Defendant Torres, along with some others named in the Indictment, were initially eligible for the death penalty based upon the crimes charged and the special findings set forth in the Indictment.  Approximately three months passed between defendant Torres' initial detention hearing and the Government's determination not to seek the death penalty.  While this period of time was controlled by the Government, it appears that the parties were engaging in extensive voluntary discovery over these three months, such that defendant's case was not totally halted or delayed during this time.  In addition, the Court recognizes that three months is not an unreasonable period of time to pass while the Government is considering whether to pursue the death penalty against multiple defendants.  Similarly, the extradition of defendant Hidalgo does not seem to have delayed the case, since discovery and pretrial motions appear to have been ongoing during that time.  As acknowledged in the Government's appeal, motions made on behalf of defendant Hidalgo have already been decided

by the Magistrate Judge, and a Report and Recommendation was submitted to this Court.

Additional delay was caused by requests for extensions of time, by co-defendants, to file pretrial motions.  While defendant Torres did not request an extension, he did take advantage of the extensions of time obtained by co-defendants by filing his omnibus motion on the final due date for submission. This period of time certainly cannot be attributed to the Government, nor can the time spent by the Magistrate Judge or this Court in adjudicating the motions. Defendant Torres argues that the last two years have been delayed due to the handling of co-defendants' motions, "while [he] bided his time in jail".  The Court finds this argument unpersuasive.  Not only did defendant himself file certain omnibus motions which were being decided during that time, but at no time after the resolution of those motions did defendant Torres seek severance from co-defendants and an immediate trial.

For these reasons, the Court finds that there is no extended or significant period of delay in this matter attributable to the Government.  Therefore, the second factor weighs in favor of continued detention.

> <u>*Strength of the Evidence*</u>

The gravity of the charges in the Superseding Indictment and the strength of the evidence upon which detention is based weighs heavily in favor of the Government.  Defendant Torres is charged with being a member of a violent

8

criminal enterprise, namely the 7th Street Gang, which was engaged in murders, attempted murders, assaults, robberies, drug trafficking and various firearm offenses.  It is alleged that gang members, including defendant, engaged in acts of violence and retaliation against rival drug dealers and rival gang members, as well as non-compliant members of their own gang.  Defendant Torres is specifically alleged to have participated in the murder of Eric Morrow, as well as a heroin and marijuana drug trafficking conspiracy and two firearm offenses.

As represented in the Government's appeal, defendant is facing a sentence of mandatory life imprisonment if he is found guilty of all charges set forth in the Indictment.  This potential term of incarceration, as well as the extremely violent and dangerous nature of both the charges and defendant's alleged gang affiliations, trigger a presumption that defendant is both a flight risk and a serious danger to the community.  *See* 18 U.S.C.§3142(e) (establishing a rebuttable presumption against pretrial release due to risk of flight where there is probable cause to believe that "the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act").

The Government appears to have built a substantial case against defendant.  In support of their appeal, the Government explains that it has dozens, if not hundreds, of photographs of defendant Torres flashing 7th Street Gang signs.  Other evidence against defendant appears to include an eye-

9

witness to the Eric Morrow murder, testimony of rival gang members that places

defendant at the scene of the murder, testimony from rival gang members that on

the night Eric Morrow was killed, they shot defendant's step-father nine times,

statements by defendant to police which place him at the scene of the murder,

other admissions by defendant, and testimony that 10th Street gang members

shot and killed two of defendant's friends and that defendant himself was shot by

rival gang members.  In addition, the Government represented during oral

argument that it will present testimony regarding defendant's involvement in the

conspiracy to distribute heroin.

While defendant Torres cites his family support, lack of criminal history and

his productive behavior while incarcerated including earning a GED and taking

job skills and parenting classes, the Court finds this evidence to be insufficient to

rebut the statutory presumption in favor of incarceration.  In light of the evidence

offered against defendant, the violent gang rivalries described above, and the

allegations of murder, robbery, assault, weapons possession and drug trafficking

set forth in the Indictment, the Court finds that defendant's release would pose a

substantial and extreme danger to the community.  Defendant argues that

because the Government has decided not to seek the death penalty,

circumstances have changed significantly since he was initially detained.

However, defendant still faces extremely high penalties, including the possibility

of mandatory life imprisonment, and therefore the Court continues to view him as

10

a flight risk.

After considering all of these facts, the Court finds that the length of defendant Torres' detention weighs in his favor, while the gravity of the charges and strength of the evidence in favor of detention weighs in favor of the Government as well.  The Court also concludes that there is no substantial period of delay here that is attributable to the Government, and this factor weighs in favor of the Government.  For these reasons, and because the case is nearing a trial date, continued detention is warranted.

The Court acknowledges that while continued detention is appropriate at this time, it would be remiss not to express concern at the length of time this case has taken to proceed to trial and the amount of time defendant Torres, and others, have been incarcerated.  Following the oral argument scheduled for December 16, 2014 and the Court's issuance of a Decision and Order, the parties are instructed to do everything in their power to move this case forward to trial as expeditiously as possible.  Given the lengthy period of pretrial detention faced by defendant, there could come a point, in the near future, where the length of detention alone does warrant reconsideration of defendant's request.


## **CONCLUSION**

For the foregoing reasons, the Government's motion for revocation of Magistrate Judge Schroeder's August 6, 2014 Release Order is granted.

11

Defendant Torres is to remain detained pending trial.


SO ORDERED.


_____*Richard J. Arcara*_____
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT COURT

Dated:   December 8, 2014